**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FILED
DISTRICT COURT
DISTRICT OF NEW MEXICO
2018 NOV 27 PM 2:51
CLERK-LAS CRUCES

**1. MICHAEL R. HYMAN**

**Plaintiffs,**

**v.** Case No.: 18-1103 CG-GJF

**1. NEW MEXICO STATE UNIVERSITY**

**2. THE BOARD OF REGENTS OF NEW MEXICO STATE UNIVERSITY**

**3. DAN HOWARD, in his official capacity as Provost of New Mexico State University**

**4. JAMES HOFFMAN, in his official capacity as Dean of the College of Business at New Mexico State University**

**5. LAURI MILLOT, in her official capacity as Director of the Office of Institutional Equity at New Mexico State University**

**6. NANCY ORETSKIN, in her official capacity as Head of the Marketing Department at New Mexico State University**

**Defendants,**

**ATTORNEY LIEN CLAIMED**
**JURY TRIAL DEMANDED**

**COMPLAINT**

**COMES NOW** the Plaintiff, Michael R. Hyman, Ph.D., and for his causes of action against the Defendants herein alleges as follows:

**PARTIES**

1. Plaintiff, Michael R. Hyman, Ph.D., is an adult male residing in Dona Anna County, State of New Mexico. Plaintiff is a member of a protected class as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq. Specifically, Plaintiff is a male, which is covered as gender in the aforementioned act. Plaintiff is also a member of a protected class as defined by the American's with Disability Act 42 U.S.C. § 12101 et seq. Specifically, Plaintiff has a major physical disability and has been regarded and treated as a person with a disability by New Mexico State University. Plaintiff is also a member of a protected class as defined by the Age Discrimination in Employment Act 29 U.S.C. § 634 et seq. Specifically, Plaintiff was born in 1954 and is currently 64 years of age.

2. Defendants are:

   a. New Mexico State University (NMSU), an agency of the State of New Mexico;

   b. Dan Howard, in his capacity as Provost of New Mexico State University;

   c. James Hoffman, in his capacity as Dean of the College of Business at New Mexico State University;

   d. Lauri Millot, in her capacity as Director of the Office of Institutional Equity at New Mexico State University; and

   e. Nancy Oretskin, in her capacity as Head of the Marketing Department at New Mexico State University.

**JURISDICTION AND VENUE**

3. Plaintiff's causes of action are based on (1) gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000 et. seq., as amended.

Gender discrimination is also prohibited by the Fourteenth Amendment to the United States Constitution and is made actionable by 42 U.S.C. § 1983; (2) violations of Plaintiff's rights under the American's with Disability Act 42 U.S.C. § 12101 et seq.; (3) the Age Discrimination in Employment Act 29 U.S.C. § 634 et seq.; (4) tortious interference with a contractual/ employment relationship/prospective economic right and property right; (5) discrimination based on disability in violation of the American's with Disability Act 42 U.S.C. § 12101 et seq.; (6) retaliation for filing a complaint based on disability; (7) retaliation for filing a complaint based on gender discrimination; and (8) tortious intentional infliction of emotional distress.

4. Jurisdiction over Plaintiffs' federal causes of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' corresponding state law claims as they arise out of the same core operative facts as the federal claims and jurisdiction over them is vested in this Court under 28 U.S.C. §1367(a).

5. All of the actions complained of herein occurred in Dona Ana County, New Mexico and the Defendants may be served in New Mexico. Dona Ana County is located within the District of New Mexico; wherefore, venue is proper in this Court under 28 U.S.C. 1391 (b).

6. Plaintiff timely filed a Charge of Discrimination with the EEOC on or about 11 July 2018. Plaintiff subsequently received by mail a right to sue letter from the EEOC on or about 31 August 2018. This case is timely filed within the ninety (90) days of Plaintiff's receipt of his right to sue letter.

## STATEMENT OF FACTS

7. Plaintiff is an adult male.

8. Plaintiff began working for NMSU on or about August 1993.

9. On or about May 2014, NMSU hired James Hoffman as Dean of the College of Business.

10. On or about July 2015, James Hoffman hired Nancy Oretskin as Head of the Department of Marketing in the College of Business.

11. Commencing on or about September 2015, Plaintiff was subject to gender/sexual harassment, harassment based on age, and harassment based on disability. The harassment was pervasive, hostile, adverse, and ongoing, as detailed below.

**COUNT 1 – Discrimination Based on Gender**

12. For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

13. This count is brought against New Mexico State University and Nancy Oretskin in their capacity as agents of New Mexico State University.

14. Plaintiff is a male and member of a protected class (gender) under Title VII of the Civil Rights Act of 1964 as amended, and covered by similar state law protections.

a. While Ph.D. coordinator of the Department of Marketing, Plaintiff was not informed, let alone invited, to official meetings between students and Oretskin. Plaintiff only learned of those meetings from doctoral students.
b. Oretskin required Plaintiff to hold physical office hours for an online course he taught during his intermittent FMLA leave in Spring 2017. Oretskin threatened to deny Plaintiff's FMLA leave, despite his strong need to eliminate all synchronous aspects of his assignment, unless those physical office hours were held. Furthermore, Oretskin denied Plaintiff's request that a doctoral student whose dissertation committee he was chairing, who had

worked with him previously on this online course, and was his teaching assistant during Spring 2017, be allowed to hold Plaintiff's physical office hours in his place. In contrast, a female doctoral student was allowed to hold virtual office hours from Europe while teaching online in Summer 2017.

c. Oretskin refused to correct errors in Plaintiff's most recent annual evaluation and refused to consider any contrary documentary evidence. Oretskin's rationale: "we each have our own worldview and we are never going to agree" [paraphrase].

d. Oretskin encouraged a meritless complaint against Plaintiff by a female Ph.D. student. Plaintiff was informed of this behavior by a now former colleague (Bruce Huhmann), who learned about it from a Ph.D. student who overheard a conversation between Oretskin and this female Ph.D. student. At best, Plaintiff's privacy rights were compromised due to carelessness. At worst, Oretskin was involved in an intentional effort to discredit Plaintiff with other department members and Ph.D. students.

e. Although New Mexico State University's Office of Institutional Equity had yet to concluded its investigation of this meritless complaint, that complaint was included in Plaintiff's annual performance review. When Plaintiff reminded Oretskin during his annual performance review conference that she was presuming guilt, Oretskin—a practicing attorney—told Plaintiff "This is not a court of law."

f. Oretskin never consult Plaintiff about his Ph.D. student's teaching and research assignments (Megan Good and Jiani Jiang) yet she consulted with

female faculty members about their Ph.D. student's teaching and research assignments.

g. Oretskin dismissed Plaintiff as Ph.D. Program coordinator for the Department of Marketing in early Spring 2016, yet asked Plaintiff to continue performing tasks required of such coordinators throughout the remainder of 2016; for example, the annual Ph.D. Program Assessment Report, which was due in October 2016. When Plaintiff was unable to complete that task due to a family illness, that failure was held against Plaintiff in his annual performance evaluation.

The harassment listed above is illustrative, not exhaustive, and Plaintiff reserves the right to amend and include additional instances as he recalls or uncovers such instances through the discovery period and up to the point that any scheduling order or other court order prohibits amendment.

15. As a direct and proximate result of Defendants actions, Plaintiff has suffered lost past, current, and future income; severe emotional distress; and other non-pecuniary losses.

16. Because Defendants' actions were willful, wanton, or, at the least in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages to the extent available.

17. Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**COUNT II – Age Discrimination**

18. For his second cause of action, Plaintiff incorporates all prior allegations and further allege and state as follows:

19. This count is brought against New Mexico State University, Dan Howard, and James Hoffman in their capacity as agents of New Mexico State University.

Since 2015, senior faculty members, especially in the College of Business, have been resigning/retiring at far greater than the historical rate. These faculty are being driven off by an administration focused on reducing faculty overhead by pressuring higher salaried senior faculty members to resign/retire. As a Distinguished Achievement Professor in a college with generally higher salaried faculty members, Plaintiff has been one of the highest paid faculty members at New Mexico State University. Through their actions, discussed elsewhere in this document, Howard and Hoffman have pressured Plaintiff to resign/retire. This behavior, which is ongoing, has been pervasive and hostile.

20. Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**<u>COUNT III – Violations of Plaintiff's Rights under the ADA</u>**

21. For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and state as follows:

22. This Count goes against New Mexico State University and James Hoffman in his capacity as an officer of New Mexico State University.

a. Hoffman has been aware since August 2015 that Plaintiff suffers from physical issues that warranted an EEO accommodation issued by New Mexico State University's Office of Institutional Equity in Fall 2012. Plaintiff never invoked that accommodation because it would have eliminated his ability to work with students enrolled in the Department of Marketing's Ph.D. program. To allow Plaintiff to provide the greatest possible service to his department, previous administrators informally accommodated Plaintiff by minimizing his synchronous assignments (for example, teaching face-to-face courses and serving on university-level committees).

In contrast, Hoffman repeatedly attempted to increase Plaintiffs synchronous assignments. For example, Hoffman twice assigned Plaintiff to university-level committees without first consulting with Plaintiff. Plaintiff declined one such assignment in October 2018. Plaintiff explained to Hoffman that Plaintiff was serving as an associate editor for two journals, a co-editor for four in-progress special issues for major journals, a member of at least a half-dozen review boards, and a frequent co-author with many current and former Ph.D. students. Plaintiff also reminded Hoffman that Plaintiff had earned the maximum annual review score for 'service' each year for many consecutive years. Nonetheless, Hoffman retaliated against Plaintiff for refusing this assignment by changing Plaintiff's scheduled online course to a face-to-face course just before the registration period began. Plaintiff is the only member of his department whose teaching assignment for Spring 2019 was modified this way. This reassignment has caused Plaintiff's documented

disabilities to be aggravated. His documented disability includes but is not limited to profound and extended fatigue and gastrointestinal difficulties. (Note: Plaintiff has been excused from jury duty several times due to these disabilities.) Defendants are well aware of Plaintiff's disability and have accommodated it previously.

b. Consistent with a more asynchronous work schedule, Plaintiff served as editor of *NMSU Business Outlook* (a monthly online magazine sponsored by the College of Business) and as Ph.D. Program coordinator (whose work could be scheduled around Plaintiff's disability). During the few months after Plaintiff informed Hoffman about Plaintiff's disability, Hoffman discontinued *NMSU Business Outlook* (for various contradictory reasons) and insisted on Plaintiff's replacement as Ph.D. Program coordinator. In essence, Hoffman knowingly eliminated Plaintiff's asynchronous assignments, which Plaintiff undertook as part of his prior informal accommodation by former College of Business administrators.

23. Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**COUNT IV – Interference with Contract**

24. For his fourth cause of action, Plaintiff incorporates all prior allegations and further allege and state as follows:

25. This Count goes against New Mexico State University, Dan Howard, James Hoffman, Lauri Millot, and Nancy Oretskin in their capacity as officers of New Mexico State University.

Defendants have created an extremely unpleasant work environment in their effort to pressure Plaintiff to retire/resign. Their actions violate Plaintiff's property rights to his position as a Distinguished Achievement Professor. In addition, Plaintiff has not received a merit-related pay increase nor any other award determined by Hoffman (for example, a College of Business professorship) since Hoffman's hiring as Dean of the College of Business.

26. The acts described above constitute unlawful interference with a contract/ employment relationship. As a result of Defendants' actions, Plaintiff has incurred past, current, and future losses to income and other benefits.

27. Because the actions of Defendants were willful, wanton, or at the least, in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages.

28. Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**COUNT V – Discrimination Based on Disability**

29. For his fifth cause of action, Plaintiff incorporates all prior allegations and further state as follows:

30. This Count goes against New Mexico State University, James Hoffman, and Nancy Oretskin in their capacity as an officer of New Mexico State University.

a. See claims in Section 22a and 22b.

b. Despite Plaintiff's department conducting an internal review of its Ph.D. program and reporting Plaintiff had performed excellently as a Program coordinator and as an instructor, Plaintiff was removed from the coordinator position, in a retaliatory effort by Oretskin and Hoffman, after making it obvious Plaintiff would resist efforts to unilaterally violate Ph.D. Program policies to Ph.D. students' detriment. For example, written Program policy at the time of admission indicated Ph.D. students would be required to teach six courses while on a four-year assistantship. College of Business administrators unilaterally decided to increase that teaching requirement without increasing assistantship salary. Plaintiff told Oretskin that such a change was both unfair—as Ph.D. students accept assistantships partly based on teaching requirements—and would create litigation exposure. Plaintiff also told Oretskin he would reveal this attempt to violate Ph.D. Program policy to the Graduate School Dean. Plaintiff was dismissed as Ph.D. Program coordinator shortly thereafter.

31. The acts described above are in violation of the Americans with Disability Act 42 U.S.C. § 1210.

32. Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

**COUNT VI – Retaliation for Filing Complaints**

33. For his sixth cause of action, Plaintiff incorporates all prior allegations and further state as follows:

34. This Count goes against New Mexico State University, Dan Howard, James Hoffman, and Lauri Millot.

a. In Fall 2016, Plaintiff and another senior faculty member of the College of Business met with Howard to discuss Hoffman's inability to administer the College of Business properly. That meeting was triggered by an earlier formal meeting with other faculty members (i.e., Plaintiff and his colleague were representing their respective academic departments). Although Howard repeatedly indicated he would schedule follow-up meetings with Plaintiff, Howard never did so.

b. Subsequently, Plaintiff was subjected to a meritless EEO complaint. Millot, who investigated that complaint, failed to conduct a proper investigation, failed to treat Plaintiff fairly, failed to complete her investigation in accord with EEOC and New Mexico State University mandated deadlines, and issued a finding contrary to objective evidence. New Mexico State University's head legal counsel (Dr. Liz Ellis) and

Howard both refused to consider any of these issues, instead insisting Plaintiff was only permitted to file a retaliation complaint against Millot. After agreeing to schedule a hearing regarding this matter, Howard cancelled it. Howard then waited several months beyond Ellis' self-imposed deadline to issue a ruling in support of Millot and contrary to evidence provided by Plaintiff.

In essence, (i) Hoffman retaliated against Plaintiff for representing a faculty preference that Hoffman be removed as Dean of the College of Business, (ii) Howard retaliated against Plaintiff for filing a complaint against Hoffman and Millot, and (iii) Millot retaliated against Plaintiff for complaining Millot's lack of timeliness was contrary to New Mexico State University and EEOC policy.

c. Hoffman has repeatedly slandered Plaintiff to senior faculty and administrators. As a result, Plaintiff's ability to work effectively with all faculty members in the College of Business and administrators throughout New Mexico State University has been severely compromised.

35. Defendants Howard, Hoffman, and Millot engaged in pervasive and hostile attempts to silence Plaintiff. The conduct of the Defendants was not only a violation of constitutionally protected rights, but also violates numerous statutory protections for whistleblowers' and their conduct violates doctrines of public policy. This conduct was willful, wanton, or at the least in reckless disregard of Plaintiff's constitutionally protected rights under the First and Fourteenth Amendments.

36. Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enter judgment in favor of Plaintiff and against Defendants as follows:

1. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful gender discrimination in violation of Title VII of the Civil Rights Act of 1964.
2. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful defamation in violation of 2 O.S. § 1441 (2012) and 12 O.S. § 1442 (2012).
3. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful

violation of Constitutionally guaranteed right to due process in violation of Fifth and Fourteenth Amendments to the United State Constitution.

4. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful interference with contract pursuant to common law.
5. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful violations of the Americans with Disability Act 42 U.S.C. § 12101.
6. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful retaliation for discrimination.
7. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful intentional infliction of emotional distress.

8. Plaintiff further requests the right to amend or supplement this petition through discovery and until the court enters any final scheduling order.

**RESPECTFULLY SUBMITTED THIS 27th Day of November, 2018.**

Michael R. Hyman

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED