# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| 1.   MICHAEL R. HYMAN             ) | |
| ) | |
| ) | |
| ) | |
|        Plaintiffs,                 ) | |
| ) | |
| v.                                     ) | Case No.: 18-cv-1103-JB-KRS |
| ) | |
| 1. NEW MEXICO STATE UNIVERSITY   ) | |
| ) | |
| 2. THE BOARD OF REGENTS OF        ) | |
|    NEW MEXICO STATE UNIVERSITY   ) | |
| ) | |
| 3. DAN HOWARD, individually and in his ) | |
|    official capacity as Provost of New Mexico ) | |
|    State University                        ) | |
| ) | |
| 4. JAMES HOFFMAN, individually and in his ) | |
|    official capacity as Dean of the College of ) | |
|    Business at New Mexico State University ) | |
| ) | |
| 5. LAURI MILLOT, individually and in her ) | |
|    official capacity as Director of the Office of ) | |
|    Institutional Equity at New Mexico State ) | |
|    University                              ) | |
| ) | |
| 6. NANCY ORETSKIN, individually and in her ) | |
|    official capacity as Head of the Marketing ) | |
|    Department at New Mexico State University ) | |
| ) | |
| 7. LAURA CASTILLE, individually and in her ) | |
|    official capacity as Director of the Office of ) | |
|    Institutional Equity at New Mexico State ) | |
|    University                             ) | |
| ) | |
| 8. DAVID DANIEL, individually and in his ) | |
|    Official capacity as Head of the Marketing ) | |
|    Department at New Mexico State University ) | ATTORNEY LIEN CLAIMED |
| ) | |
|        Defendants,                  ) | JURY TRIAL DEMANDED |

**AMENDED COMPLAINT**

**COMES NOW** the Plaintiff, Michael R. Hyman, Ph.D., and for his causes of action against the Defendants herein alleges as follows:

**PARTIES**

1. Plaintiff, Michael R. Hyman, Ph.D., is an adult male residing in Dona Anna County, State of New Mexico. Plaintiff is a protected class member as defined by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et. seq. Specifically, Plaintiff is a male, which is covered as gender in the aforementioned Act. Furthermore, Plaintiff is Jewish, which is covered by the Act. Plaintiff is also a protected class member as defined by the American's with Disability Act 42 U.S.C. § 12101 et seq. Specifically, Plaintiff has a significant physical disability and has been regarded and treated as a person with a disability by New Mexico State University. Plaintiff is also a protected class member as defined by the Age Discrimination in Employment Act 29 U.S.C. § 634 et seq. Specifically, Plaintiff was born in 1954 and is currently 67 years of age.

2. Defendants are:

    a. New Mexico State University (NMSU), an agency of the State of New Mexico;

    b. Dan Howard, individually and in his capacity as Provost of New Mexico State University;

    c. James Hoffman, individually and in his capacity as Dean of the College of Business at New Mexico State University;

    d. Lauri Millot, individually and in her capacity as Director of the Office of Institutional Equity at New Mexico State University;

e.  Nancy Oretskin, individually and in her capacity as Head of the Marketing Department at New Mexico State University;

f.  Laura Castille, individually and in her capacity as Director of the Office of Institutional Equity at New Mexico State University; and

g.  David Daniel, individually and in his capacity as Head of the Marketing Department at New Mexico University.

## JURISDICTION AND VENUE

3.  Plaintiff's causes of action are based on (1) gender discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 42 U.S.C. § 2000 et. seq., as amended. Gender discrimination is also prohibited by the Fourteenth Amendment to the United States Constitution and is made actionable by 42 U.S.C. § 1983; (2) violations of Plaintiff's rights under the American's with Disability Act 42 U.S.C. § 12101 et seq.; (3) the Age Discrimination in Employment Act 29 U.S.C. § 634 et seq.; (4) discrimination based on disability in violation of the American's with Disability Act 42 U.S.C. § 12101 et seq.; (5) retaliation for filing a complaint based on disability; (6) retaliation for filing a complaint based on gender discrimination; (7) retaliation for filing a complaint based on religious discrimination; and (8) tortious intentional infliction of emotional distress.

4. Jurisdiction over Plaintiffs' federal causes of action is vested in this Court under 28 U.S.C. § 1331. This Court has supplemental jurisdiction over Plaintiffs' corresponding state law claims as they arise out of the same core operative facts as the federal claims, and jurisdiction over them is vested in this Court under 28 U.S.C. §1367(a).

5. All of the actions complained of herein occurred in Dona Ana County, New Mexico and the Defendants may be served in New Mexico. Dona Ana County is located within the District of New Mexico; wherefore, the venue is proper in this Court under 28 U.S.C. 1391 (b).

6. Plaintiff timely filed a Charge of Discrimination with the EEOC on or about 11 July 2018. Plaintiff subsequently received a right to sue letter from the EEOC on or about 5 May 2021. This case is timely filed within the ninety (90) days of Plaintiff's receipt of his right to sue letter. Plaintiff filed additional charges of discrimination with the EEOC relating to discrimination based on disability and discrimination based on religion. The EEOC issued right to sue letters in these matters and transmitted those letters to Plaintiff and Plaintiff's counsel via email on 25 May 2021. These additional charges are timely filed within the ninety (90) days of Plaintiff's receipt of his right to sue letter.

## STATEMENT OF FACTS

7. Plaintiff is an adult male.

8. Plaintiff began working for NMSU on or about August 1993.

9. On or about May 2014, NMSU hired James Hoffman as Dean of the College of Business.

10. On or about July 2015, James Hoffman hired Nancy Oretskin as Head of the Department of Marketing in the College of Business.

11. On or about January 2019, James Hoffman hired David Daniel as Head of the Department of Marketing in the College of Business.

12. Commencing on or about September 2015, Plaintiff was subject to gender/sexual harassment, harassment based on age, harassment based on disability, harassment based on

religion, and retaliation for filing complaints about this harassment and retaliation. The harassment and retaliation were pervasive, hostile, adverse, and ongoing, as detailed below.

## COUNT 1 – Discrimination Based on Gender

13. For his first cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

14. This count is brought against New Mexico State University and Nancy Oretskin individually and in her capacity as an agent of New Mexico State University.

15. Plaintiff is a male and member of a protected class (gender) under Title VII of the Civil Rights Act of 1964 as amended and covered by similar state law protections.

   a. While Ph.D. coordinator of the Department of Marketing, Plaintiff was not informed, let alone invited, to official meetings between students and Oretskin. Plaintiff only learned of those meetings from Ph.D. students.

   b. Oretskin required Plaintiff to hold physical office hours for an online course he taught during his intermittent FMLA leave in Spring 2017. Oretskin threatened to deny Plaintiff's FMLA leave, despite his substantial need to eliminate all synchronous aspects of his assignment, unless Plaintiff held those physical office hours. Furthermore, Oretskin denied Plaintiff's request that a Ph.D. student whose dissertation committee he was chairing, who had worked with him previously on this online course, and was his teaching assistant during Spring 2017, be allowed to hold Plaintiff's physical office hours in his place. In contrast, a female Ph.D. student was allowed to hold virtual office hours from Europe while teaching online in Summer 2017.

c. Oretskin refused to correct errors in Plaintiff's annual performance evaluation for 2016 and refused to consider any contrary documentary evidence. Oretskin's rationale: "we each have our own worldview, and we are never going to agree" [paraphrase].

d. Oretskin encouraged a meritless complaint against Plaintiff by a female Ph.D. student. Plaintiff was informed of this behavior by a now-former colleague (Bruce Huhmann), who learned about it from a Ph.D. student who overheard a conversation between Oretskin and this female Ph.D. student. At best, Oretskin carelessly compromised Plaintiff's privacy rights. At worst, Oretskin participated in an intentional effort to discredit Plaintiff with other department members and Ph.D. students.

e. Although New Mexico State University's Office of Institutional Equity had yet to conclude its investigation of this meritless complaint, Oretskin included that complaint in Plaintiff's annual performance review. When Plaintiff reminded Oretskin during his annual performance review conference that she was presuming guilt, Oretskin—a practicing attorney—told Plaintiff, "This is not a court of law."

f. Oretskin never consulted Plaintiff about his Ph.D. students' teaching and research assignments, yet she consulted with female faculty members about their Ph.D. students' teaching and research assignments.

g. Oretskin dismissed Plaintiff as Ph.D. Program Coordinator for the Department of Marketing in early Spring 2016, yet asked Plaintiff to continue performing tasks required of such coordinators for the remainder of 2016; for example,

the annual Ph.D. Program Assessment Report, which was due in October 2016. When Plaintiff was unable to complete that task due to a family illness, Oretskin held that failure against Plaintiff in his annual performance review.

The harassment listed above is illustrative, not exhaustive, and Plaintiff reserves the right to amend and include additional instances as he recalls or uncovers such instances through the discovery period and up to the point that any scheduling order or other court order prohibits amendment.

16. As a direct and proximate result of Defendants actions, Plaintiff has suffered lost past, current, and future income; severe emotional distress; and other non-pecuniary losses.

17. Because Defendants' actions were willful, wanton, or, at the least in reckless disregard of Plaintiff's rights, Plaintiff is entitled to punitive damages to the extent available.

18. Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law.

## COUNT II – Age Discrimination

19. For his second cause of action, Plaintiff incorporates all prior allegations and further allege and state as follows:

20. This count is brought against New Mexico State University, Dan Howard individually and in his official capacity as Provost at New Mexico State University, James Hoffman individually and in his official capacity as Dean of the College of Business at New

Mexico State University, and David Daniel individually and in his official capacity as Department Head of Marketing at New Mexico State University.

Since 2015, senior faculty members, especially in the College of Business, have been resigning/retiring at far greater than the historical rate. These faculty members are being driven off by an administration focused on reducing faculty overhead by pressuring higher-salaried senior faculty members to resign/retire. As a Distinguished Achievement Professor in a college with generally higher salaried faculty members, Plaintiff has been one of the highest-paid faculty members at New Mexico State University. Through their actions, discussed elsewhere in this document, Howard, Hoffman, and Daniel have pressured Plaintiff to resign/retire. This ongoing behavior has been pervasive and hostile.

21.  Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law.

## COUNT III – Violations of Plaintiff's Rights under the A.D.A.

22.  For his third cause of action, Plaintiff incorporates all prior allegations and further alleges and states as follows:

23. This Count goes against New Mexico State University, James Hoffman, Laura Castille, and David Daniel in their official capacities at New Mexico State University.

    a. Hoffman has been aware since August 2015 that Plaintiff suffers from physical issues that warranted an EEO accommodation issued by New Mexico State University's Office of Institutional Equity in Fall 2012. Plaintiff never

invoked that accommodation because his then-supervisor, Elise (Pookie) Sautter, told him that invocation would eliminate his ability to work with students enrolled in the Department of Marketing's Ph.D. program. To allow Plaintiff to serve his department in the most useful capacity, previous administrators (Gerald Hampton, Elise Sautter, Pat Gavin, and Nancy Oretskin) informally accommodated Plaintiff by minimizing his synchronous assignments (for example, teaching face-to-face courses).

In contrast, Hoffman and Daniel repeatedly attempted to increase Plaintiff's synchronous assignments. For example, Hoffman twice assigned Plaintiff to university-level committees without first consulting with Plaintiff. Plaintiff declined one such assignment in October 2018. Plaintiff explained to Hoffman that Plaintiff was serving as an associate editor for two journals, a co-editor for four in-progress special issues for major journals, a member of at least a half-dozen review boards, and a frequent co-author with many current and former Ph.D. students. Plaintiff also reminded Hoffman that Plaintiff had earned the maximum annual review score for 'service' for many consecutive years. Nonetheless, Hoffman retaliated against Plaintiff for refusing this assignment by changing Plaintiff's scheduled online course to a face-to-face course just before the registration period began. Plaintiff is the only member of his department whose teaching assignment for Spring 2019 was modified this way. This reassignment aggravated Plaintiff's documented disabilities, which include but are not limited to profound allergies, extended fatigue, and gastrointestinal difficulties. (Note: Plaintiff has been excused from jury duty

several times due to these disabilities.) Defendants are well aware of Plaintiff's disability and have accommodated it previously.

b. Consistent with a more asynchronous work schedule, Plaintiff served as editor of *NMSU Business Outlook* (a monthly online magazine sponsored by the College of Business) and as Ph.D. Program Coordinator (whose work could be scheduled around Plaintiff's disability). During the few months after Plaintiff informed Hoffman about Plaintiff's disability, Hoffman discontinued *NMSU Business Outlook* (for various contradictory and unsupported reasons) and insisted on Plaintiff's replacement as Ph.D. Program Coordinator. In essence, Hoffman knowingly eliminated Plaintiff's asynchronous assignments, which Plaintiff undertook as part of his prior informal accommodation by former College of Business administrators.

c. Laura Castille and David Daniel have repeatedly denied Plaintiff an A.D.A. accommodation consistent with the recommendations of Plaintiff's physicians. Castille repeatedly justified a failed accommodation issued in December 2019 by misinterpreting documentation submitted by Plaintiff's physicians. On or around 17 March 2021, Plaintiff submitted new documentation from a physician noting the previously failed accommodation and requesting one that would effectively minimize exposure to airborne allergens. As of 28 July 2021, Castille has not provided Plaintiff a workable A.D.A. accommodation for the Fall 2021 semester. It should not take four months to fix an already issued A.D.A. accommodation. (In a 21 July 2021 video meeting, Castille explained her delay by telling Plaintiff he is "not a

priority" for her.) Furthermore, Castille and Daniel insist on treating Plaintiff equally to his faculty colleagues rather than equitably, contrary to the requirements of the Americans with Disabilities Act. In retaliating against Plaintiff by withholding a workable A.D.A. accommodation that does not unduly burden New Mexico State University students and employees, Castille and Daniel continue to violate New Mexico State University's internal conflict-of-interest policy, as both know Plaintiff named them in multiple EEOC complaints and this lawsuit.

24. Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law.

## COUNT IV – Discrimination Based on Disability

25. For his fourth cause of action, Plaintiff incorporates all prior allegations and further states as follows:

26. This Count goes against New Mexico State University, James Hoffman, Nancy Oretskin, Laura Castille, and David Daniel individually and in their capacity as an officer of New Mexico State University.

   a. See claims in Section 23a, 23b, and 23c.

   b. Daniel, with Hoffman's approval, reassigned Plaintiff's courses in Spring 2019 classes without Plaintiff's consent. Daniel then pressured Plaintiff to apply for FMLA leave. Later, when NMSU's HR specialists on FMLA leave

denied Plaintiff's application because they did not believe Plaintiff qualified, Daniel told Plaintiff that Plaintiff was at fault for failing to secure that leave. Plaintiff also was pressured to accept a classroom-intensive teaching assignment contrary to an A.D.A. accommodation issued in 2012. In March 2020, Plaintiff received an unwarranted reprimand letter citing him for failing to teach in Spring 2019.

27. The acts described above violate the Americans with Disability Act 42 U.S.C. § 1210.

28. Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law.

## COUNT V – Discrimination Based on Religion

29. For his fifth cause of action, Plaintiff incorporates all prior allegations and further states as follows:

30. This Count goes against New Mexico State University and David Daniel individually and in his capacity as an officer of New Mexico State University.

31. Plaintiff previously has requested reasonable accommodations to observe religious holidays. In Fall 2019 and 2020, Daniel discriminated against Plaintiff twice based on religion.

　　a. In October 2019, Daniel refused to reschedule a faculty meeting scheduled for Yom Kippur (Day of Atonement; 8-9 October). Although Plaintiff provided more than two weeks' notice of the scheduling conflict, Daniel claimed that

rescheduling the meeting would inconvenience another faculty member. Despite repeated emails from Plaintiff arguing it was unfair not to accommodate him based on the upcoming religious holiday, as required by NMSU policy, Daniel ignored Plaintiff's request.

b. In September 2020, during the Rosh Hashanah (Jewish New Year; 18-19 September) religious holiday, Daniel instructed Plaintiff via email—roughly one hour before the holiday began—to immediately restructure two ongoing courses that Daniel had approved months earlier. Daniel insisted the demanded changes were not subject to debate. Despite the holiday, Plaintiff spent many hours that weekend revising his courses. Because Daniel might have forgotten the religious holiday, Plaintiff reminded him in an email confirming the demanded changes. Daniel never apologized for insisting Plaintiff work during the high holiday nor indicated he had forgotten it. This second incident shows a pattern of religious discrimination, ongoing harassment, and denied religious accommodations in retaliation for complaints Plaintiff filed against Daniel.

32. Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law.

## COUNT VI – Retaliation for Filing Complaints

33. For his sixth cause of action, Plaintiff incorporates all prior allegations and further states as follows:

34. This Count goes against New Mexico State University, Dan Howard, James Hoffman, Lauri Millot, Laura Castille, and David Daniel.

    a. In Fall 2016, Plaintiff and another senior faculty member of the College of Business met with Howard to discuss Hoffman's inability to administer the College of Business properly. That meeting was triggered by an earlier formal meeting with other faculty members (i.e., Plaintiff and his colleague were representing their respective academic departments). Although Howard repeatedly indicated he would schedule follow-up meetings with Plaintiff, Howard never did so.

    b. Subsequently, Plaintiff was subjected to a meritless EEO complaint. Millot, who investigated that complaint, failed to conduct a proper investigation, failed to treat Plaintiff fairly, failed to complete her investigation in accord with EEOC and New Mexico State University mandated deadlines, and issued a finding contrary to objective evidence. New Mexico State University's head legal counsel (Dr. Liz Ellis) and Howard both refused to consider any of these issues, instead insisting Plaintiff was only permitted to file a retaliation complaint against Millot. After agreeing to schedule a hearing regarding this matter, Howard canceled it. Howard then waited several months beyond Ellis' self-imposed deadline and just before his planned retirement to issue a ruling in support of Millot and contrary to evidence provided by Plaintiff.

       In essence, (i) Hoffman retaliated against Plaintiff for representing a faculty preference for removing Hoffman as Dean of the College of Business, (ii) Howard retaliated against Plaintiff for filing a complaint against Hoffman and Millot, and (iii) Millot retaliated against Plaintiff for complaining Millot's lack of timeliness and improper investigation were contrary to New Mexico State University and EEOC policy.

c. Hoffman has repeatedly slandered Plaintiff to senior faculty and administrators. As a result, Hoffman severely compromised Plaintiff's ability to work effectively with all faculty members in the College of Business and administrators throughout New Mexico State University.

d. Despite Plaintiff's department conducting an internal review of its Ph.D. Program and reporting Plaintiff had performed excellently as a Program Coordinator and as an instructor, Plaintiff was removed from the coordinator position, in a retaliatory effort by Oretskin and Hoffman, after making it obvious Plaintiff would resist efforts to violate written Ph.D. Program policy unilaterally and to the students' detriment. For example, written Program policy at the time of admission indicated Ph.D. students would be required to teach six courses while on a four-year assistantship. College of Business administrators unilaterally decided to increase that teaching requirement without increasing assistantship salary. Plaintiff told Oretskin that such a change was unfair—as Ph.D. students accept assistantships partly based on teaching requirements—and would create litigation exposure. Plaintiff also told Oretskin he would reveal this attempt to violate Ph.D. Program policy to

      the Graduate School Dean. Oretskin dismissed Plaintiff as Ph.D. Program Coordinator shortly thereafter.

e. Daniel falsely accused Plaintiff of repeatedly bullying a colleague guilty of repeated academic integrity violations. Instead, all of Plaintiff's actions were consistent with NMSU policy. On one occasion, Daniel asked Plaintiff to follow Daniel's preferences about addressing the colleague's problematic teaching performance. However, Daniel became hostile when Plaintiff tried to honor those preferences. Daniel previously ignored Plaintiff's complaint about this colleague bullying Plaintiff's two doctoral students. Contrary to NMSU policy, Daniel has ignored several academic integrity violations by this faculty member.

f. Daniel issued unduly negative annual evaluations of Plaintiff's performance for 2017, 2018, 2019, and 2020. Plaintiff repeatedly presented documentary evidence refuting Daniel's evaluations. For example, Plaintiff emailed a memo to Daniel documenting 17 errors in Plaintiff's 2020 annual evaluation. Daniel ignored the 16 errors in Plaintiff's favor but attended to the error that exaggerated one of Plaintiff's achievements.

g. David Daniel and James Hoffman attempted to terminate Plaintiff's employment in retaliation for all of the above-described reasons. Daniel issued a notice of termination letter on or about 8 May 2021. To date, that termination has been stayed.

    h. Millot, Castille, Daniel, and Hoffman have continually violated NMSU's internal conflict-of-interest policies by harassing Plaintiff for exercising his rights under all of the above-referenced Acts.

35. Defendants Howard, Hoffman, Millot, and Daniel, engaged in pervasive and hostile attempts to silence Plaintiff. Defendants' conduct was a violation of constitutionally protected rights and violated numerous statutory protections for whistleblowers. Defendants' conduct violates doctrines of public policy. This conduct was willful, wanton, or at the least in reckless disregard of Plaintiff's constitutionally protected rights under the First and Fourteenth Amendments.

36. Plaintiff requests this Court enter judgment in favor of Plaintiff and against Defendants and assess compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law.

## REQUEST FOR RELIEF

**WHEREFORE,** Plaintiff prays that this Court enters judgment in favor of Plaintiff and against Defendants as follows:

1. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful gender discrimination in violation of Title VII of the Civil Rights Act of 1964.

2. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful defamation in violation of NMSA 41-71-1 et seq.

3. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful violation of the Constitutionally guaranteed right to due process in violation of Fifth and Fourteenth Amendments to the United State Constitution.

4. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful interference with contract pursuant to common law.

5. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful violations of the Americans with Disability Act 42 U.S.C. § 12101.

6. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs,

attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful retaliation for discrimination.

7. For compensatory damages including but not limited to back pay, future wages, and other compensatory damages together with pre- and post-judgment interest, costs, attorneys' fees, liquidated damages, punitive damages, and such other relief as this Court may deem equitable and appropriate or allowed by law as a result of unlawful intentional infliction of emotional distress.

8. Plaintiff further requests the right to amend or supplement this petition, due to the ongoing nature of the dispute, through discovery and up to and including trial.

**RESPECTFULLY SUBMITTED THIS 28th Day of July, 2021.**

s/Grant Aguirre

Grant Aguirre
Attorney for the Plaintiff

JURY TRIAL DEMANDED
ATTORNEY LIEN CLAIMED

### Certificate of Service

I hereby certify that on 27 November 2020, I filed the foregoing through this Court's CM/ECF system and caused a true and correct copy of the same to be served electronically upon all counsel and parties of record.

s/Grant Aguirre